IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTOINE LAMONT CULMER,<br><br>                   *Plaintiff*,<br><br>v.<br><br>SCI – HOUTZDALE, *et al*,<br><br>                   *Defendants*. | Civil Action No. 3:22-cv-16<br><br>Hon. William S. Stickman IV<br>Hon. Maureen P. Kelly |

## ORDER OF COURT

*Pro se* Plaintiff Antoine Lamont Culmer ("Culmer") filed suit against the State Correctional Institution at Houtzdale (SCI Houtzdale) and its various personnel for violations of his civil rights. (ECF No. 1). In his Complaint, which was filed on February 2, 2022, Culmer alleges that he was the victim of several assaults that occurred between July 26, 2005 and February 19, 2014. (ECF No. 4, p. 2). Magistrate Judge Maureen P. Kelly issued a Report and Recommendation on December 2, 2020, recommending that the Court dismiss Culmer's Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. (ECF No. 5). Culmer was given the opportunity to file objections, and he did so stating that "dismissing my case against corrupt corrections officers would be wrong," and that he has evidence and witnesses to support his factual allegations. (ECF No. 6, p. 2).

After its independent *de novo* review of the record and consideration of the pleadings, the Court hereby ADOPTS Magistrate Judge Kelly's Report and Recommendation as its Opinion. The Court overrules Plaintiff's objections. It is clear from the face of the Complaint that all of the acts providing a basis for Culmer's lawsuit occurred on or before February 19, 2014. The Court

concurs with Magistrate Judge Kelly that Culmer's claims are barred by the two-year statute of limitations.

AND NOW, this __25__ day of February 2022, IT IS HEREBY ORDERED that Plaintiff Antoine Lamont Culmer's Complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. The Court further holds that amendment would be futile.[1] *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility). The Clerk of Court is directed to mark this CASE CLOSED.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[1] "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.15 (3d ed. 2021).